Affirmed and Memorandum Opinion filed June 30, 2005









Affirmed and Memorandum Opinion filed June 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00245-CR

NO. 14-04-00246-CR

NO. 14-04-00247-CR

____________

 

MICHAEL
ANDREW ETHRIDGE, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________

 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause Nos. 965,218; 965,254 & 965,255

________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Michael Andrew Ethridge
was convicted by a jury of two counts of aggravated robbery and one count of
theft from a person.  He was sentenced to
life in prison for each of the aggravated robbery charges and to two years for
the theft charge, plus a $10,000 fine for each of the three offenses.  Appellant argues in two issues that he
received ineffective assistance of counsel. 
We affirm.








On August 23, 2003, appellant
rang Pamela Lindsey=s
doorbell, forced his way into her home, and took her purse and wedding ring
while threatening her with a gun.  About
one month later, appellant robbed Andrea White at gunpoint as White was getting
into her car in her driveway.  In October
of 2003, appellant grabbed Kathleen Rogers=s purse
as she got out of her car in her driveway. 
Rogers called the police; appellant was quickly apprehended and
identified by Rogers.  After appellant=s arrest,
Lindsey and White each identified appellant in a lineup.

In two issues, appellant
complains that he received ineffective assistance of counsel.  Ineffective assistance claims are governed by
the now familiar two-part test announced in Strickland v. Washington,
466 U.S. 668 (1984).  To prove
ineffective assistance, appellant must show (1) trial counsel=s
representation fell below an objective standard of reasonableness, based on
prevailing professional norms, and (2) prejudice, or that the result of the
proceeding would have been different but for trial counsel=s
deficient performance.  Id. at 687B96;
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  There is a strong presumption that counsel=s conduct
fell within the wide range of reasonable professional assistance.  Thompson, 9 S.W.3d at 813.  To defeat this presumption, A>any
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.=@  Id. at 814 (quoting McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  Without specific explanations for counsel=s
decisions, a record on direct appeal will rarely contain sufficient information
to evaluate an ineffective assistance claim. 
See Bone v. State, 77 S.W.3d 828, 830, 833 (Tex. Crim. App.
2002); Thompson, 9 S.W.3d at 813B14
(noting that when the record contains no explanation for counsel=s
decisions, an appellate court should be hesitant in deciding whether the Amotivation
behind counsel=s actions@ was Aof
strategic design or the result of negligent conduct@).








In his first issue, appellant
argues that he received ineffective assistance of counsel due to his counsel=s failure
to challenge the manner in which appellant was identified by Rogers.  The allegedly improper Ashow-up@ occurred
after appellant had been stopped.  After
Deputy Constable Leonard Crouch arrived at Rogers=s house
in response to Rogers=s call to
police, he obtained a description of appellant and broadcast that description
over his police radio.  A car containing
three people, including appellant, was soon stopped by another constable.  Deputy Crouch drove Rogers to the scene of
the traffic stop.  Each individual was
brought out of the police car so that Rogers could see him or her, and Deputy
Crouch then asked Rogers if she recognized any of the people.  Rogers identified appellant as the man who
stole her purse.  Appellant argues that
this procedure was impermissibly suggestive.

During appellant=s
testimony, he admitted that he stole Rogers=s
purse.  Without commenting on the
appropriateness of the identification procedure employed by the constables, we
find that it was reasonable trial strategy for counsel not to challenge the
identification when counsel likely knew that appellant would take the stand and
admit to taking Rogers=s
purse.  Further, appellant clearly was
not prejudiced by counsel=s
decision not to challenge the identification when appellant admitted the theft
of Rogers=s purse.  See Strickland, 466 U.S. at 694B95.  Accordingly, appellant=s first
issue is overruled.

In his second issue, appellant
contends that he received ineffective assistance of counsel due to counsel=s failure
to challenge the lineup employed for the two aggravated robbery charges.  Appellant argues that the lineup was
impermissibly suggestive because of the large difference in height between the
seven members of the lineup.

A lineup is considered
impermissibly suggestive if other participants in the lineup are greatly
dissimilar in appearance from the suspect. 
Brown v. State, 29 S.W.3d 251, 254 (Tex. App.CHouston
[14th Dist.] 2000, no pet.). A suspect may be greatly dissimilar in appearance
from the other participants because of his distinctly different appearance,
race, hair color, height, or age.  Id.  Minor differences in appearance, however,
will not render a lineup impermissibly suggestive.  Id.








Our viewing of the videotaped
lineup in the instant case indicates that the lineup consisted of seven men,
their heights ranging from approximately five feet ten inches to six feet five
inches.  All seven men were
African-American; all were similarly dark-complected; and all had either a
slender or medium build.  It is true that
appellant, at six feet five inches, was the tallest member of the lineup, but
two of the other men, at six feet four inches, were within one inch of
appellant, and at least one of the other men was six feet tall.  Further, Lindsey emphasized in her testimony
that she identified appellant in the lineup because of something distinctive
about his eyes, not his height.  White
said that she recognized appellant immediately and that she did not really rely
on height or size in making the identification. 
Accordingly, we find that the lineup here was not impermissibly
suggestive.  See Barley v. State,
906 S.W.2d 27, 34 (Tex. Crim. App. 1995) (finding that a lineup was not
impermissibly suggestive where Athere was
a discrepancy in heights of the five participants of several inches@ and
where witnesses=
testimony indicated that height did not influence their identifications).

Because we find that the lineup
was not impermissibly suggestive, appellant=s counsel
was not ineffective for failing to challenge the identifications that resulted
from it.  See McFarland v. State,
845 S.W.2d 824, 846 (Tex. Crim. App. 1992) (failing to object to admissible
evidence does not constitute ineffective assistance).  Accordingly, we overrule appellant=s second
issue.

The
judgment of the trial court is affirmed.

 

/s/        Leslie Brock Yates

Justice

 

Judgment rendered and Memorandum Opinion filed June 30, 2005.

Panel consists of Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).